UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMBERLY COOPER,

    Plaintiff,

    v.

KOHLS DEPARTMENT STORES, INC.,

    Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

KIMBERLY COOPER ("Plaintiff"), by and through her attorneys, KURZ LAW GROUP, LLC, alleges the following against KOHLS DEPARTMENT STORES, INC., ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the

PLAINTIFF'S FIRST AMENDED COMPLAINT

United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Covington, Georgia 30014.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at N56W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

13. Plaintiff knew that Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages as there was often an automated message with no caller on the line before connecting to one of Defendant's representatives.

14. Defendant's telephone calls were not made for "emergency purposes."

15. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. Despite Plaintiff's request for Defendant to stop calling her, she still received multiple calls each day from Defendant.

18. These additional calls were upsetting, agitating and unnerving to Plaintiff.

19. Upon information and belief, Defendant conducts business in a

manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, KIMBERLY COOPER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KIMBERLY COOPER, demands a jury trial in this case.

Dated: November 1, 2019                Respectfully submitted,


By:  */s/ Dennis R. Kurz*
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Dated: November 1, 2019              Respectfully submitted,

By: */s/ Dennis R. Kurz*
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**